IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TEKELIA PRESTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:20-CV-140-MTT-CHW |
| | : | |
| Warden **HELTON HALL;** | : | |
| **GEORGIA DEP'T OF CORR.,** | : | |
| | : | ORDER |
| **Defendants.** | : | |
| _____ | : | |

Plaintiff Tekelia Preston, a prisoner at Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also submitted a motion to proceed without prepayment of the filing fee or security therefor under 28 U.S.C. § 1915(a). ECF No. 2. For reasons discussed below, his motion to proceed *in forma pauperis* is granted, the Georgia Department of Corrections is dismissed from the action, and the case is transferred to the United States District Court for the Southern District of Georgia.

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No 2. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the

prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager or warden at Baldwin State Prison.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). A complaint

fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

### III.  STATEMENT AND ANALYSIS OF CLAIMS

Preston complains that he was falsely imprisoned by Warden Helton Hall at Jenkins Correctional Center-CCA.  ECF No. 1 at 3-4.  He names Warden Hall and the Georgia Department of Corrections as Defendants.  *Id*.  He requests damages in the amount of one million dollars.  *Id*. at 6.

The Georgia Department of Corrections is not subject to liability under § 1983 because it is not a "person" as defined by that statute.  42 U.S.C. § 1983.  Furthermore, the Georgia Department of Corrections is a state entity entitled to Eleventh Amendment immunity.  *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir.1989).  Thus, the Georgia Department of Corrections must be dismissed from this action.

If the Georgia Department of Corrections is dismissed, venue would no longer be proper in this district.  Plaintiff's remaining claims involve events that allegedly occurred at Jenkins Correctional Center-CCA, which is located in the Southern District of Georgia, and the only remaining Defendant, Warden Helton Hall, resides in the Southern District of Georgia as well.  ECF No. 1 at 3-4; *See* 28 U.S.C. § 1391(b).

Plaintiff's action shall therefore be **TRANSFERRED** to the Southern District of Georgia.  28 U.S.C. § 1406(a) (authorizing district court to "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought").

### IV. CONCLUSION

Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2, is **GRANTED**.  The Georgia Department of Corrections is **DISMISSED** with prejudice,

4

and the Clerk of Court is **ORDERED** to transfer this action to the United States District Court for the Southern District of Georgia.

    **SO ORDERED**, this 27th day of April, 2020.

                                                    S/ Marc T. Treadwell
                                                    MARC T. TREADWELL, JUDGE
                                                    UNITED STATES DISTRICT COURT